IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:96CR46 |
| | ) | |
| v. | ) | |
| | ) | |
| LEON DELMAR MILTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion "for reconsideration pursuant to Federal Rules of Civil Procedure, Rule 60(b)" (Filing No. 580). The defendant repeatedly seeks reconsideration of the Court's orders dealing with what he claims to be a right to a modification of his sentence based upon the recent amendments to the United States Sentencing Guidelines. The Court has carefully considered the defendant's motion, and for the following reasons, it will be denied.

The defendant was originally sentenced on December 29, 1997, to a term of imprisonment of 360 months (Filing No. 310). The sentence at that time was premised on a revised presentence investigation report which contained a finding that the defendant was responsible for approximately 182 ounces of crack cocaine (Paragraph 51). This amounts to over 5 kilograms. The evidentiary hearing was held on December 17, 18 and 19, 1997, and a sentencing order was filed on December 24, 1997 (Filing No.

300), finding defendant responsible for at least 182 ounces of crack cocaine.  While significant changes have been made in the Sentencing Guidelines, and the ratio between powder and crack cocaine has been significantly modified, the Guideline sentence for 5 kilograms of crack cocaine with a criminal history of VI still calls for a sentence of 360 months to life.

While the Court found that the defendant should be held responsible for at least 2 kilograms of crack cocaine in pronouncing his sentence, this was due to the fact that 2 kilograms or more was the highest offense level under the Guidelines.  The Court, however, had already determined the amount of crack cocaine to be 182 ounces.

The Court has reviewed the original sentencing order (Filing No. 300) and the subsequent applications the defendant has made for reduction of his sentence and finds that if the Court were to grant the defendant's request and the amount of crack cocaine for which he should be held responsible was reduced to 2 kilograms of cocaine base, the current guidelines would provide for a base offense level of 34.  That level would be adjusted upwards 2 offense levels for possession of a firearm, and 4 levels for his role in the offense as a leader or organizer of a criminal enterprise.  This would result in an adjusted offense level of 40.  If he received a three-level reduction for acceptance of responsibility, his offense level would be 37.

This with a criminal history category of VI, calls for a sentence of 360 months to life.

For these reasons, the Court finds that defendant's motion for reconsideration should be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of October, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court